# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA FRAHER, | Case No. 1:13-cv-01849-SKO PC |
| Plaintiff, | ORDER REQUIRING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED, WITHOUT PREJUDICE, FOR FAILUE TO EXHAUST PRIOR TO FILING SUIT |
| v. | |
| DR. ROBERT MITCHELL, et al., | |
| Defendants. | (Doc. 1) |
| | TWENTY-DAY DEADLINE |

Plaintiff Cecilia Fraher, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on November 14, 2013.

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. *Jones v. Bock*, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, *Porter v. Nussle*, 435 U.S. 516, 532, 122 S.Ct. 983 (2002).

In her complaint, Plaintiff concedes that while she filed an appeal, the process has not yet been completed, and Plaintiff's exhibit show that she submitted her appeal to the final level of review on November 6, 2013. (Doc. 1, Comp., pp. 2, 12.) Thus, it appears Plaintiff filed suit prematurely without first exhausting in compliance with section 1997e(a).

Accordingly, Plaintiff is HEREBY ORDERED to show cause within **twenty (20) days** from the date of service of this order why this action should not be dismissed, without prejudice, for failure to exhaust prior to filing suit. *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal. . . .").

IT IS SO ORDERED.

Dated:   **November 15, 2013**                              /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE